SCOTT N. SCHOOLS (SBN SC 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Assistant United States Attorney
Chief, Civil Division
DOUGLAS K. CHANG (SBN HI2922)
Assistant United States Attorney
  450 Golden Gate Avenue, Box 36055
  San Francisco, CA 94102
  Tel. No. (415) 436-6985
  Fax. No. (415) 436-7169

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|                 ) | Case No. C 07-4675 MHP |
|        Plaintiff, ) | |
|                 ) | **NOTICE OF MOTION AND MOTION** |
|   v.             ) | **FOR DEFAULT JUDGMENT** |
|                 ) | |
| NEXL SPORTS PRODUCTS, LLC, ) | Date:   December 10, 2007 |
|                 ) | Time:   2:00 p.m. |
|        Defendant. ) | Courtroom: No. 15, 18th Floor |
|                 ) |  Judge:  Marilyn Hall Patel |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on December 10, 2007, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Marilyn Hall Patel, United States District Judge, in the United States District Court located at 450 Golden Gate Avenue, 18th Floor, Courtroom 15, San Francisco, California 94102, plaintiff United States of America, on behalf of its agency, the National Highway Traffic Safety Administration ("NHTSA"), will move the Court pursuant to Fed. R. Civ. P. 55(b) to enter judgment by default against Defendant NexL Sports Products, LLC ("NexL").

This motion is based on the Notice of Motion and Motion For Default Judgment, the memorandum of points and authorities in support thereof, the Declarations of Douglas K. Chang and Rebecca Pennington in support of the motion for default judgment, all other pleadings filed

Notice of Motion and Motion
for Default Judgment
Case No. C 07-4675 MHP

in this action, and any oral argument that the Court may permit.

**STATEMENT OF RELIEF SOUGHT**

The United States seeks entry of a judgment by default against NexL.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**OVERVIEW**

This is a breach of contract action. NexL previously entered into a pre-litigation Settlement Agreement with NHTSA in which it agreed to make monetary installment payments to the United States totaling $100,000 in civil penalties by September 1, 2006, and further agreed to pay a 5% late payment charge. Even though the September 1, 2006 deadline has long passed, NexL has paid to date only $36,450 toward its $100,000 civil penalties. Thus, NexL is in breach of its Settlement Agreement. Moreover, NexL failed to answer or otherwise respond to the United States' complaint filed in this action. Accordingly, the United States is entitled to a default judgment against NexL for the $63,550 unpaid balance plus a 5% late payment charge.

**FACTUAL BACKGROUND**

**A.    United States' Breach of Contract Claim**

On September 11, 2007, the United States filed its complaint in this action to recover overdue settlement payments from NexL based on NexL's alleged breach of its Settlement Agreement with NHTSA. Declaration of Douglas K. Chang in Support of Motion for Default Judgment ("Chang Decl."), ¶ 4, Exh. A. The Settlement Agreement was previously entered into by NexL on or about September 16, 2004, to resolve, pre-litigation, a dispute with NHTSA regarding NexL's liability for civil penalties for violating certain Federal Motor Vehicle Safety Standards concerning its motorcycle helmets. Chang Decl., Exh. B.

Under the Settlement Agreement, NexL agreed to make monetary installment payments totaling $100,000 in civil penalties by September 1, 2006, and further agreed to pay a five percent (5%) penalty on any late payments. Chang Dec., Exh. A. To date NexL has paid a total of only $36,450 toward the $100,000 civil penalties even though more than a year has elapsed since the September 1, 2006 deadline. Chang Dec., ¶ 5.

As a result, the United States contends that NexL has breached its Settlement Agreement and is now liable not only for its unpaid balance of $63,550, but also for a 5% late payment charge of $3,178. The $3,178 late payment charge was computed by multiplying 5% by the unpaid balance of $63,550. Chang Decl., ¶ 6.

**B.   NexL's Failure to Defend This Action**

Although NexL was personally served with a copy of the summons and complaint on September 14, 2007 through its agent for service of process, Gilbert J. Williams, NexL has failed to appear, answer, plead, or otherwise respond to the complaint. Chang Decl., ¶ 7.

Since more than 20 days has elapsed since NexL was served with a copy of the summons and complaint, the clerk of the court entered NexL's default on October 24, 2007. Chang Decl., ¶ 8.

## ARGUMENT

**I.   The Facts Alleged in the Complaint Against NexL Should Be Taken As True Because NexL is in Default.**

"The general rule of law is that upon default the factual allegations of the complaint, except as those related to the amount of damages, will be taken as true." Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).

In this case, the United States alleged in its complaint that NexL had previously entered into a Settlement Agreement with NHTSA whereby it agreed to make monetary installment payments totaling $100,000 in civil penalties by September 1, 2006, and further agreed to pay a five percent (5%) penalty on any late payments. The complaint further alleged that NexL has paid only $36,450 to date. As a result, the complaint alleged that NexL had breached its Settlement Agreement with NHTSA. Chang Decl., Exh. A. Since the clerk of the court previously entered a default against NexL, these allegations should be accepted as true.

**II.   United States is Entitled to Judgment by Default.**

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter

1  judgment [by default] for that amount and costs against the defendant, if the defendant has been
2  defaulted for failure to appear and is not an infant or incompetent person." Fed. R. Civ. P.
3  55(b)(1).  Rule 55 further provides that in all other cases, the court shall enter the judgment by
4  default where appropriate.  Fed. R. Civ. P. 55(b)(2).

5  For purposes of Rule 55(b)(1), a claim is for a "sum certain" if no doubt remains as to the
6  amount to which a plaintiff is entitled as a result of the defendant's default and it is capable of
7  simple mathematical computation.  Franchise Holding v. Huntington Restaurants Group, 375
8  F.3d 922, 929 (9th Cir. 2004).

9  In this case, NexL breached its Settlement Agreement with NHTSA in which it had
10 agreed to make monetary installment payments totaling $100,000 in civil penalties by September
11 1, 2006, and further agreed to pay a 5% penalty on any late payments.  Such breach entitles the
12 United States to recover the unpaid and overdue settlement payments and the 5% late payment
13 charges.  Arnold v. United States, 816 F.2d 1306, 1309 (9th Cir. 1987) ("if one party breaches a
14 settlement, the other has the option of enforcing the terms of the settlement or rescinding the
15 settlement and suing on the original claims" -- here, the United States has chosen the former).
16 More specifically, the United States is seeking a claim for the unpaid and overdue settlement
17 payments of $63,550, which is the difference between the $100,000 settlement amount and the
18 $36,450 amount actually paid NexL.  The United States is also seeking a claim for a late payment
19 charge of $3,178, which was computed by multiplying 5% by the unpaid and overdue settlement
20 payments of $63,550.

21 Moreover, because there is no doubt as to the amount to which the United States is
22 entitled as a result of NexL's default and because the United States' claim is capable of simple
23 mathematical computation, such claim is for a sum certain.  Furthermore, the clerk of the court
24 previously entered a default against NexL on October 24, 2007, and NexL is neither an infant nor
25 an incompetent person.  Chang Decl., ¶ 9.  Therefore, the United States should be entitled to
26 entry of a default judgment, by either the clerk of the court under Fed. R. Civ. P. 55(b)(1) or by
27 the court itself under Fed. R. Civ. P. 55(b)(2), against NexL in the total amount of $66,728,
28

consisting of $63,550 of the unpaid and overdue settlement payments and $3,178 of the late payment charge.

**III.    The United States is Also Entitled to Post-Judgment Interest and to Cost Equal to the Amount of the Filing Fee.**

The United States is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. Section 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Section 1961 further provides that such "interest shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System . . . ." *id.* The current rate according to this formula is 4.14%. Chang Decl., Exh C.

The United States is also entitled to cost equal to the amount of the filing fee pursuant to 28 U.S.C. § 2412. Section 2412 provides that a "judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a) of [Title 28]." 28 U.S.C. § 2412(a)(2). Section 1914(a), in turn, prescribes a filing fee of $350. 28 U.S.C. § 1914(a).

## CONCLUSION

WHEREFORE, the United States respectfully requests the Court to enter judgment by default against Defendant NexL Sports Products, LLC, in the amount of $66,728, plus post-judgment interest and $350 in cost.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated:  November 2, 2007         By:    /s/ Douglas K. Chang
                                         DOUGLAS K. CHANG
                                         Assistant U. S. Attorney

Notice of Motion and Motion
for Default Judgment
Case No. C 07-4675 MHP                          5