```
 1  SCOTT N. SCHOOLS (SBN SC 9990)
    United States Attorney
 2  JOANN M. SWANSON (SBN 88143)
    Assistant United States Attorney
 3  Chief, Civil Division
    DOUGLAS K. CHANG (SBN HI2922)
 4  Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
 5  San Francisco, CA 94102
    Tel. No. (415) 436-6985
 6  Fax. No. (415) 436-7169

 7  Attorneys for Plaintiff
    United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. C 07 4675 |
| --- | --- |
| Plaintiff, | ) |
| v. | ) COMPLAINT SLM |
| NEXL SPORTS PRODUCTS, LLC, | ) |
| Defendant. | ) U.S. Debt Collection Case [C.L.R. 16-6] |

The Plaintiff, United States of America, alleges as follows:

INTRODUCTION

1.  This is a civil action by the United States of America on behalf of its agency, the National Highway Traffic Safety Administration, U.S. Department of Transportation ("NHTSA"), to recover overdue settlement payments from the Defendant, NexL Sports Products LLC ("NexL"). The action is a result of the Defendant's breach of its settlement agreement with the NHTSA.

JURISDICTION

2.  This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345.

VENUE

3.  The Defendant's principal place of business is located in Watsonville, California,

Complaint

**Exhibit A**

1  an area within the Northern District of California. 28 U.S.C. § 1391(c); 49 U.S.C. § 30163(c).
2  Also, the settlement agreement referenced above provides that the NHTSA may sue the
3  Defendant in the United States district court for the district in which the Defendant has its
4  principal place of business.

## PARTIES

6  4.  Plaintiff is the United States of America, suing on behalf of its agency, the
7  NHTSA.

8  5.  Defendant is a corporation conducting its principal business in Watsonville,
9  California.

## FACTUAL BACKGROUND

11  6.  Defendant manufactured, certified, and sold certain motorcycle helmets, known
12  as NXT Beanie Helmet, NexL Model 02 ("Model 02"), that did not comply with Federal Motor
13  Vehicle Safety Standard (FMVSS) No. 218, 49 C.,F.R. § 571.218, in violation of 49 U.S.C. §§
14  30112(a) and 30115.

15  7.  Defendant manufactured, certified, and sold certain motorcycle helmets, known
16  as NXT Beanie Helmet, NexL Model 01 ("Model 01"), that did not comply with FMVSS No.
17  218, 49 C.F.R. § 571.218, in violation of 49 U.S.C. §§ 30112(a) and 30115.

18  8.  Defendant provided a remedy for its Model 01 motorcycle helmets that did not
19  bring them into compliance with FMVSS No. 218, in violation of 49 U.S.C. § 30120.

20  9.  As a result of such violations, Defendant became liable for a civil penalty of up to
21  $5,000 for each violation.

22  10. To avoid a protracted dispute and litigation regarding the civil penalty, Defendant
23  entered into a settlement agreement with the NHTSA ("Settlement Agreement").

## SETTLEMENT AGREEMENT

25  11. Under the Settlement Agreement, Defendant agreed to pay a civil penalty totaling
26  $100,000 for the above violations. In return, upon the Defendant's payment in full of the
27  $100,000 civil penalty, NHTSA agreed to release NexL from further civil penalties arising out of
28  the above violations occurring prior to August 1, 2004.

Complaint

12. Under the Settlement Agreement, Defendant also agreed to pay the $100,000 civil penalty by making monthly payments, commencing on October 1, 2004, in an amount determined by a formula based on its future motorcycle helmet sales. In addition, Defendant agreed that the minimum monthly payments would be $2,500, and that, in any event, payment of the entire $100,000 civil penalty was due by September 1, 2006.

13. Under the Settlement Agreement, Defendant also agreed to an assessment of a late charge of five percent (5%) of the amount of the late payments, which late charges were due and payable no later than the first day of the following calendar month.

14. The Settlement Agreement further provided that if Defendant breached the Settlement Agreement, the exclusive remedy of NHTSA shall be a civil action in the United States District Court for the Northern District of California, or in such other district if Defendant relocated its principal place of business, for any unpaid balance due under the Settlement Agreement and any costs arising out of such civil action.

15. The Settlement Agreement was executed on behalf of the Defendant by Gilbert J. Williams, who represented that he had the legal authority to do so.

## DEFENDANT'S DEFAULT

16. To date, Defendant has paid a total of $36,450 toward the $100,000 civil penalty.

17. Defendant, therefore, is in breach of, and has defaulted on, the Settlement Agreement.

18. Defendant's current outstanding balance due under the Settlement Agreement is $63,550.

19. As a result of its breach, Defendant is also liable for a 5% late charge of $3,178.[1]

## FAILURE TO PAY

20. Demand has been made upon Defendant for payment of the above amounts, and Defendant has neglected and refused to pay the same.

---

[1] $63,550 x .05 = $3,178.

Complaint

3


## CLAIMS FOR RELIEF

### Count I – Breach of Contract

21. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 20 above as though fully set forth herein.

22. The NHTSA has performed all of its obligations required under the Settlement Agreement except as waived, excused, or prevented by the Defendant.

23. Defendant has breached the Settlement Agreement.

24. As a result of Defendant's breach, Defendant owes the United States the outstanding balance due under the Settlement Agreement as set forth above, plus a 5% late charge as set forth above, plus costs and fees to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays for judgment against Defendant as follows:

1. For the sum of $63,550 as the outstanding balance due under the Settlement Agreement, plus a 5% late charge of $3,178, plus costs and fees allowed by law, plus post-judgment interest.

2. For court costs and an amount equal to the filing fee of $350 as allowed pursuant to 28 U.S.C. Sec. 2412(a)(2); and,

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: September 11, 2007        By: _____
                                  DOUGLAS K. CHANG
                                  Assistant U.S. Attorney

Complaint

4