NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION
400 Seventh Street, SW
Washington, DC 20590

In re:  NexL Sports Products LLC                       )
NXT Beanie Motorcycle Helmets                          )
Models 01 and 02                                       )
                                                       )
                                                       )

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between the National Highway Traffic Safety Administration ("NHTSA") and NexL Sports Products LLC (hereafter, referred to as "NexL"), for itself and as the successor to Bleacher Comfort LLC, for the purpose of resolving claims for civil penalties for violations of various provisions of a law commonly known as the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. Chapter 301 ("Safety Act").

Whereas, NexL manufactured, certified, offered for sale, and sold NXT Beanie Helmet, NexL Model 02 ("Model 02"), motorcycle helmets that did not comply with Federal Motor Vehicle Safety Standard (FMVSS) No. 218, 49 CFR 571.218, in violation of 49 U.S.C. §§ 30112(a) and 30115;

Whereas, NexL manufactured, certified, offered for sale, and sold NXT Beanie Helmet, NexL Model 01 ("Model 01"), motorcycle helmets that did not comply with FMVSS No. 218, in violation of 49 U.S.C. §§ 30112(a) and 30115, and provided a remedy for its Model 01 motorcycle helmets that did not bring them into compliance with FMVSS No. 218, in violation of 49 U.S.C. § 30120;

Whereas, a person that violates 49 U.S.C. §§ 30112(a) or 30115 is liable to the United States Government for a civil penalty of not more than $5000 for each violation

**Exhibit B**

and a separate violation occurs for item of motor vehicle equipment.  49 U.S.C.
§ 30165(a)(1).

Whereas, it is the mutual desire of NHTSA and NexL to resolve the issue of civil
penalties associated with the violations of the above-referenced statutory provisions and
to avoid a protracted dispute and possible litigation;

Now, therefore, the parties, by their respective undersigned representatives, agree
as follows:

1.     The Secretary of Transportation has the authority to compromise the
       amount of civil penalties under the Safety Act, 49 U.S.C. § 30165(b).  The
       Secretary's authority has been delegated to the Administrator of NHTSA.
       49 CFR 1.50.

2.     NexL is, and at all times relevant to this action has been, the manufacturer
       of Model 01 and 02 helmets within the meaning of the Safety Act, 49
       U.S.C. § 30102(a)(5).

3.     This Settlement Agreement applies to NexL and to its successors and
       assigns, including any entity that purchases the assets of NexL.

4.     NexL shall pay to the United States a civil penalty in the total sum of
       $100,000.00 (one hundred thousand dollars and zero cents) pursuant to the
       Safety Act, 49 U.S.C. § 30165.  NexL shall pay this penalty by payment
       remitted to NHTSA through certified checks payable to the U.S. Treasury
       based upon the following payment schedule:  Payments shall be made
       monthly, on or before the first day of each month, beginning on October 1,
       2004.  Each monthly payment shall be equal to the number of NexL

-2-

motorcycle helmets, inclusive of all models, sold directly to retail customers such as over the Internet plus the number shipped to dealers and distributors in the second preceding month prior to payment, multiplied by five (5) dollars per helmet. (For example, the payment due on October 1, 2004 shall be based on August sales and shipments.)

Notwithstanding the foregoing, the minimal monthly payment shall be $2,500 (two thousand five hundred dollars) and, in any event, payment of the $100,000 penalty in full is due no later than September 1, 2006. There is no restriction on prepayment of penalties. No interest shall be charged if payments are made on time in accordance with this Settlement Agreement. However, if payments are late, any such late payment shall be assessed a late charge of five percent (5%) of the amount of the late payments. Such late charges would then be due and payable no later than the first day of the following calendar month.

5.  Each payment shall be sent by overnight courier, such as Federal Express, UPS or Airborne Express, under a cover letter stating the basis in terms of sales and shipments for the covered month, to Office of Chief Counsel, National Highway Traffic Safety Administration, Attention: Andrew J. DiMarsico, Room 5219, 400 Seventh Street, S.W., Washington, D.C. 20590. Upon request from NHTSA, NexL will verify its sales and shipments.

6.  Upon full payment and receipt of the total sum of $100,000.00 (one hundred thousand dollars and zero cents) as specified above, the Secretary

-3-

of Transportation, by and through the Administrator of NHTSA, releases
NexL, and all of its members, employees or agents, from liability with
respect to any and all potential claims for civil penalties arising out of the
manufacture, certification and sale of Model 02 helmets prior to August 1,
2004 and the manufacture, certification and sale and provision of an
inadequate remedy for noncompliant Model 01 helmets. Nothing in this
Settlement Agreement shall release NexL or any of its members,
employees or agents from any liability for any acts or omissions relating to
the provision of adequate remedies for Model 02 and 01 helmets after
August 1, 2004. For any breach of this Settlement Agreement by NexL,
the exclusive remedy of NHTSA shall be a civil action by the government
in the United States District Court for the Northern District of California,
or, if NexL has relocated its principal place of business, to such other
District to which NexL relocated its principal place of business for any
unpaid balance due under this settlement agreement and any costs arising
out of such civil action.

7.      This Settlement Agreement does not waive or limit in any way NHTSA's
authority to investigate or take enforcement action against NexL for other
violations of the Safety Act not resolved herein.

8.      This Settlement Agreement does not limit in any way NexL's obligations
under 49 U.S.C. § 30120 to provide adequate remedies for its Model 01
and 02 helmets that have been determined to be noncompliant. Nothing in
this Settlement Agreement releases NexL from liability for civil penalties

-4-

in the event that it does not provide adequate remedies after August 1, 2004.

9.   This Settlement Agreement represents the entire understanding and agreement of the parties. There are no oral or other understandings between the parties with respect to any matter or claim that is the subject of the Settlement Agreement.

10.  Gilbert J. Williams represents that he has the legal authority to execute this Settlement Agreement on behalf of NexL; Jacqueline Glassman represents that she the legal authority to execute this Settlement Agreement on behalf of NHTSA.

11.  This Settlement Agreement shall be effective upon the latest date as reflected below.


National Highway Traffic Safety Administration
By:

Jacqueline Glassman
Chief Counsel


Date:    SEP 1 0 2004

Andrew J. DiMarsico
Office of the Chief Counsel
National Highway Traffic Safety Administration
400 Seventh Street, S.W.
Washington, DC 20590


NexL Sports Products LLC
By:

Gilbert J. Williams, Manager
NexL Sports Products LLC
121 Aviation Way
Watsonville, CA 95076-2058

Date: 09/16/04   Approved as to form:

David V. Parker, Esquire
820 Bay Avenue, Suite 120
Capitola, CA 95010-2165

Counsel for
NexL Sports Products LLC